IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PEGGY A. SCHWARTZ

    Plaintiff,

v.                                  CV 01-HGD-3110-S

BAY INDUSTRIES, INC., et al

    Defendants.

**FILED AUG 13 2002**
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**ENTERED AUG 13 2002**

## MEMORANDUM OPINION

This cause comes on to be heard on plaintiff's Objections to Report and Recommendation of the magistrate judge filed on July 2, 2002.

### Standard of Review

While, arguably, the magistrate judge could have entered an "order" pursuant to FRCP 72(a), he did not enter an order but filed a report and recommendation, which he treats as being reviewable under FRCP 72(b) (making reference to "a de novo determination by the district court.") Thus, the court will review the "Report and Recommendation" de novo.[1]

### The Transfer Issue

The court is of the opinion that the <u>only</u> issue which weighs in plaintiff's favor is the deference due to be given to her choice of forum. Other than that, the issues weigh in defendants' favor. This is based upon a consideration of the following:

---

[1] Also see 28 U.S.C. § 636(b)(1); *U. S. v. Raddatz*, 447 U.S. 667, 681 (1980); *Jeffrey S. v. State Bd of Ed.*, 896 F.2d 507, 512 (11th Cir. 1990); *Gropp III v. United Airlines, Inc.*, 817 F.Supp. 1558, 1561-62 (M.D. Fla. 1993). If a Rule 72(a) clearly erroneous standard were to be applied, this court could not conclude that the magistrate judge's recommendation is clearly erroneous.

(1) The factual allegations in the plaintiff's complaint are covered by paragraphs 7-29. The allegations in Paragraphs 7-25 all relate to alleged facts arising in Wisconsin while she was employed there.[2] Only one alleged act of harassment took place in Alabama. The alleged incidents in Wisconsin were over a span of more than ten years.

(2) When the court gave the parties an opportunity to list purported witnesses, the court asked for "a brief statement of the purported knowledge" of each listed witness. Plaintiff has listed 55 purported witnesses. Interestingly, these witnesses are scattered around the country. More significantly, of the first 50 witnesses listed, only Mark Maloof (alleged to reside in a penitentiary) is said to have "witnessed" something. Even that is stated generally. The rest are, in a conclusory fashion, said to have knowledge. Witness numbers 51, 52, 53 and 55, all residing in Wisconsin, are alleged to have "witnessed" something. Witness 54, a therapist, also resides in Wisconsin. The defendants list 22 witnesses. Most reside in Wisconsin. Most all of the witnesses listed are alleged to have had some stated personal knowledge. At least the allegations are not totally unspecific.

Having considered all de novo, the court concludes that the defendants' motion to transfer venue should be granted. The defendants' motion to dismiss will be denied. The transfer will be pursuant to 28 U.S.C. § 1404 (a).

This the _12th_ day of August, 2002.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Even paragraphs 21-25 relate to Wisconsin more than Alabama as far as motivation and initiation of actions are concerned.